**UNITED STATES of America**

v.

**Mohammed Modin HASAN, Gabul Abdullahi Ali, Abdi Wali Dire, Abdi Mohammed Gurewardher, Abdi Mohammed Umar, Defendants.**

**Criminal No. 2:10cr56.**

United States District Court,
E.D. Virginia,
Norfolk Division.

March 2, 2011.

John S. Davis, Esq., Benjamin L. Hatch, Esq., Jerome Teresinski, Esq., Joseph E. DePadilla, Esq., for Government.

James R. Theuer, Esq., for Mohammed Modin Hasan.

William J. Holmes, Esq., for Gabul Abdullahi Ali.

David W. Bouchard, Esq., for Abdi Wali Dire.

Jon M. Babineau, Esq., for Abdi Mohammed Gurewardher.

James E. Short, Esq., for Abdi Mohammed Umar.

### ORDER

MARK S. DAVIS, District Judge.

Defendant Mohammed Modin Hasan has filed a motion for appointment of a mitiga-

tion expert "to testify at sentencing regarding the nature and circumstances of the offense and Hasan, conditions in Somalia, and the phenomenon of Somali piracy." (Docket No, 257, pg. 2). Hasan, who is indigent, has asked that the Court authorize him to engage Professor Abdi Ismail Samater, who "has been speaking and writing on the subject of the disintegration of Somalia for twenty years, including research and publications on Somali piracy," . . . "to testify on the subjects designated." *Id.* Hasan asserts that, because the Court is required to consider the "nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need to deter criminal conduct, 18 U.S.C. § 3553(a), the Court "must consider, and Hasan should be permitted to present evidence on, the phenomenon of Somali piracy and the dysfunctional environment that is Somalia today and has been since the civil war began in 1991." (Docket No. 257, pg. 2). Hasan also asserts that "neither the probation office nor Hasan are able to provide this information to the Court." *Id.*

The Government opposes Hasan's motion, asserting that "[i]ndigent defendants are only entitled to money for expert services that are *'necessary* for adequate representation.'" 18 U.S.C. § 3006A(e)(1) (emphasis added). (Docket No. 260, pg. 2). The Government goes on to argue that Hasan fails to identify what information the proffered expert will provide that is material or necessary to sentencing, simply broadly referencing the nature and circumstances of the offense, Hasan, conditions in Somalia, and Somali piracy. The Government addresses each of these grounds, arguing: (1) that the Court has already heard days of testimony at trial on the nature and circumstances of the offense, and Hasan has consistently denied culpability for the offense and maintained he was a fisherman; (2) that Hasan is best

situated to provide information about his history and characteristics; (3) that no expert testimony is necessary on whether the sentence affords adequate deterrence, and Hasan has not proffered in any general way what the expert would say that is outside the knowledge of the Court and pertinent to deterrence, particularly considering the mandatory term of imprisonment for life on Count One.

■ The Court understands that a defendant always wants to present as much beneficial evidence as possible, and this could theoretically extend to days of testimony and evidence. However, the Court must determine what is "necessary" for adequate representation of an indigent defendant. With respect to Hasan's request for appointment of the mitigation expert to testify to the nature and circumstances of the offense, the Court agrees with the Government that it has already heard days of testimony at trial regarding the offense. Furthermore, Hasan has consistently denied culpability, so it is difficult to understand how the expert's testimony can meaningfully mitigate with respect to something defendant denies.

■ With respect to Hasan himself, the Presentence Investigation Report ("PSR") filed on February 3, 2011 contains a section entitled "Personal and Family Data" that reflects information provided by Hasan about himself during his presentence interview on December 15, 2010. Hasan had the opportunity during this interview to provide any information he believed helpful about himself to the Court, while both his attorney and an interpreter were present. Therefore, Hasan has had sufficient opportunity to provide such information and it is difficult to understand how the proposed expert can have better information about Hasan than that which Hasan chose to provide.

Hasan next asks the Court to hear from the mitigation expert on conditions in Somalia and Somali piracy. With respect to conditions in Somalia, Hasan is certainly capable of providing evidence on the conditions of which he is aware. However, to the extent that Hasan denies culpability, he may well be limited in what he can (or will) say about Somali piracy and conditions in Somalia impacting piracy. Nevertheless, the Court heard testimony at trial about the nature of piracy off the coast of Somalia and is capable of considering and understanding counsel's arguments about such conditions.

Finally, Hasan suggests that the Court needs testimony regarding deterrence. While Count One carries a mandatory sentence of life imprisonment, the Court understands that Count One was the subject of a motion to dismiss and deterrence could become a more significant consideration. No court can ever definitively know what will be required to deter further criminal conduct. However, a judge does not need to literally live in a particular community in order to adequately consider what kind of sentence would deter future conduct. The Court has the benefit of the trial testimony and the PSR. Furthermore, Hasan will have the opportunity to present other evidence, to allocute, and to have his counsel present argument at sentencing. Therefore, the Court concludes that presentation of expert mitigation testimony is not "necessary" to a determination of deterrence. For all of these reasons, Defendant Hasan's motion is **denied.**

**IT IS SO ORDERED.**